USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/17/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

ANDRE YOUNGBLOOD,                   :

               Plaintiff,     :    15 Civ. 3541 (AT)(HBP)

   -against-                       :    REPORT AND
                                    RECOMMENDATION
DETECTIVE LOUIS PENA, et al.,       :

               Defendants.    :

----------------------------------X

       PITMAN, United States Magistrate Judge:

       TO THE HONORABLE ANALISA TORRES, United States District Judge,

       On July 1, 2015, plaintiff filed a document entitled "Order to Show Cause for Preliminary injunction and Temporary Restraining Order" (Docket Item 14). The document appears to seek a preliminary injunction against assaults that plaintiff believes defendants will inflict upon him.

       Deeming plaintiff's document to be an application for a preliminary injunction, I respectfully recommend that the application be denied. Plaintiff has not submitted any evidentiary material at all that establishes the elements necessary for the issuance of a preliminary injunction. See generally New York ex rel. Schneiderman v. Actavis PLC, 787 F.3d 638, 650 (2d Cir.

2015) ("A party seeking a preliminary injunction must ordinarily establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." (citations and inner quotations omitted)).

I also note that it appears from the docket sheet that none of the defendants has been served yet. Until the summons and complaint have been served on a defendant, the Court has no jurisdiction over that defendant and can award no relief directed at that defendant.

OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections. See also Fed. R. Civ. P. 6(a). Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Analisa Torres, United States District Judge, 500 Pearl Street, Room 2210, and to the Chambers of the undersigned, 500 Pearl

2

Street, Room 750, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Torres.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-238 (2d Cir. 1983).

Dated:  New York, New York
        July 17, 2015

Respectfully submitted,

HENRY PITMAN
United States Magistrate Judge

Copy transmitted to:

Mr. Andre Youngblood
Reg. No. 85943-054
M.D.C. - Brooklyn
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, New York  11232

3